IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:15-CV-91-BO

| | |
|---|---|
| KEITH M. POOLE, SR., ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | O R D E R |
| ) | |
| CAROLYN COLVIN, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

This matter is before the Court on parties' cross motions for judgment on the pleadings. [DE 23, 27]. A hearing was held in Elizabeth City, North Carolina, on April 12, 2016. For the reasons detailed below, the decision of the Commissioner is AFFIRMED.

## BACKGROUND

On November 2, 2011, plaintiff filed for supplemental security income, alleging an onset date of May 1, 2011. [Tr. 13]. The claim was denied initially and upon reconsideration. A hearing was held before an Administrative Law Judge (ALJ) in Greenville, North Carolina, on November 5, 2013. [Tr. 13]. The ALJ issued an unfavorable decision on March 17, 2014. [Tr. 10]. The Appeals Council denied a request for review, and the ALJ's decision became the final decision of the Commissioner, on May 11, 2015. [Tr. 1]. Plaintiff then sought review in this Court.

Plaintiff was 44 years old at the time the application was filed; he is 49 now. [Tr. 19]. Plaintiff completed one year of college and has past relevant work as a truck driver and production machine tender. [Tr. 18–19]. Plaintiff has diabetes mellitus, hypertension, and obesity. [Tr. 15].

## DISCUSSION

When a social security claimant appeals a final decision of the Commissioner, the Court's review is limited to the determination of whether, based on the entire administrative record, there is substantial evidence to support the Commissioner's findings. 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is defined as "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984) (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)). If the Commissioner's decision is supported by such evidence, it must be affirmed. *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996).

To find a claimant disabled, an ALJ must conclude that the claimant satisfies each of five steps. 20 C.F.R. § 404.1520(a)(4). First, a claimant must not be able to work in a substantial gainful activity. *Id.* Second, a claimant must have a severe physical or mental impairment or combination of impairments. *Id.* Third, a claimant's impairment(s) must be of sufficient duration and must either meet or equal an impairment listed by the regulations. *Id.* Fourth, a claimant must not have the residual functional capacity to meet the demands of claimant's past relevant work. *Id.* Finally, the claimant must not be able to do any other work, given the claimant's residual functional capacity, age, education, and work experience. *Id.* The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

Here, the ALJ found that plaintiff has not engaged in substantial gainful employment since November 2, 2011. [Tr. 15]. Next, the ALJ determined that plaintiff's diabetes mellitus, hypertension, and obesity were severe impairments. *Id.* However, none of plaintiff's impairments or combination of impairments met or equaled a listing. *Id.* At step four, the ALJ found that

plaintiff was capable of performing medium work, avoiding concentrated exposure to hazards such as unprotected heights and moving/dangerous machinery. [Tr. 16]. Finally, though plaintiff was determined unable to perform any past relevant work, the ALJ concluded that there are jobs that exist in significant numbers in the national economy that claimant can perform. [Tr. 18–19]. A vocational expert testified that these jobs would include employment as cashier, small products assembler, and marker. [Tr. 20]. Accordingly, the ALJ found that plaintiff was not disabled since November 2, 2011. *Id.* Plaintiff now seeks review of the ALJ's determination that he is not disabled.

At hearing, plaintiff's counsel argued that there was no substantial evidence to support an RFC of medium and that the ALJ erred in not giving controlling weight to Dr. Enrique Marana. The Court will address each of these arguments in turn.

I. RFC

The Court finds that there is substantial evidence to support an RFC of medium. Residual functional capacity "is the most [claimant] can still do despite [claimant's] limitations." 20 CFR 404.1545(a)(1). The RFC determination considers physical, mental, and other abilities that may affect work performance. 20 CFR 404.1545. When considering physical limitations, "[a] limited ability to perform certain physical demands of work activity, such as sitting, standing, walking, lifting, carrying, pushing, pulling, or other physical functions . . . may reduce [claimant's] ability to do past work and other work." 20 CFR 404.1545(b). Work is classified based on physical exertion requirements. 20 CFR 404.1567. Medium work requires "lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds." *Id.*

Here, the ALJ determined that plaintiff's symptoms did not prevent him from working. In reaching this conclusion, the ALJ considered medical records, medical history, and non-medical

3

evidence. The medical evidence included reports more than one year apart from treating physician Dr. Marana which indicated that plaintiff showed no evidence of joint pain, tenderness, or deformity and displayed full motion of all major joints on exams. [Tr. 16, 372, 402]. The medical records also reveal that plaintiff managed his diabetes and hypertension poorly. After one hospital visit, Dr. Goforth noted that plaintiff was "noncompliant with medications," that his hypertension was poorly controlled as a result, and that plaintiff was not controlling his diabetes. [Tr. 236]. After the next hospitalization, Dr. Goforth noted that plaintiff's blood pressure had been fairly controlled but that plaintiff needed to see his primary care physician for further control and adjustment of his medications. [Tr. 296–97]. Since that visit, in February 2011, plaintiff has not been back to the hospital. In 2012, Dr. Marana reported normal blood pressure levels. [Tr. 17, 354–61].

Dr. Marana's regular observations of plaintiff also support the ALJ's decision. In February 2013, Dr. Marana reported that plaintiff's diabetes and hypertension were asymptomatic. [Tr. 416]. In March 2013, Dr. Marana noted that plaintiff's hypertension was asymptomatic and did not even mention plaintiff's diabetes. [Tr. 412]. In April 2013, plaintiff was once again noted to be asymptomatic in regard to both his diabetes and hypertension. [Tr. 408]. In May 2013, the diabetes once again went unmentioned and plaintiff's hypertension was asymptomatic. [Tr. 404]. In June 2013, the last Dr. Marana visit in the record, plaintiff's hypertension was once again described as asymptomatic and his diabetes went unmentioned. [Tr. 400]. Dr. Marana also noted "no evidence of joint pain, tenderness or deformity" and "[f]ull [r]ange of motion intact to all major joints" in January, February, March, April, May, and June 2013. [Tr. 400–23].

4

Thus, plaintiff's treating physician regularly concluded that plaintiff's two chief complaints—his diabetes and his hypertension—were well controlled or asymptomatic. The treating physician also regularly noted that plaintiff did not complain of joint pain or tenderness and that he had full range of motion to all major joints. The Court also notes that after a second hospital visit where Dr. Goforth recommended a visit to plaintiff's primary care physician and an adjustment of medication, plaintiff has not returned to the hospital. These findings are substantial evidence supporting the ALJ's RFC determination of medium. Accordingly, the Court affirms the ALJ's finding that plaintiff had the RFC to do medium work.

II. Dr. Marana

Next, the Court considers plaintiff's argument that the ALJ erred in not giving treating physician Dr. Marana controlling weight. Treating source opinions are entitled to controlling weight if they are "well supported by medically acceptable clinical and laboratory diagnostic techniques and [are] not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2). An ALJ must explain his reasons for failing to adopt the opinion of a treating physician. *Murphy v. Bowen*, 810 F.2d 433, 437 (4th Cir. 1987) (remanding where the ALJ did not explain adequately why he credited one doctor over another). However, the Court also notes that treating source opinions on issues that are reserved to the Commissioner—such as whether an individual is under a disability—are never entitled to controlling weight or special significance. *See* SSR 96-5p.

The ALJ was correct to give Dr. Marana's opinion only little weight. As discussed above, Dr. Marana repeatedly characterized plaintiff's diabetes and hypertension as asymptomatic or controlled through 2013. [Tr. 400–23]. Dr. Marana also repeatedly noted through the first half of 2013 that plaintiff's joints presented no problems and his range of motion was full. [Tr. 400–23].

5

Despite all these findings, however, Dr. Marana performed a medical source statement in August 2013 which determined that plaintiff could carry less than 10 pounds, stand and walk less than two hours in an eight-hour work day, and sit less than six hours in an eight-hour work day, among other restrictions. [Tr. 435–38]. These conclusions, as noted by the ALJ and as seen above, were "not supported by [Dr. Marana's own] examination and treatment notes." [Tr. 18]. The ALJ explained, as required, that this discrepancy caused her to give Dr. Marana's assessment little weight. Instead, the ALJ decided to give great weight to Dr. White, who opined that claimant did not seem to be disabled from any work activity because that opinion was "consistent with his treatment notes showing few physical abnormalities." *Id.*

For all the reasons discussed above, substantial evidence supports the ALJ's decision to afford Dr. Marana's conclusions about plaintiff's ability to work little weight.

## CONCLUSION

For the aforementioned reasons, plaintiff's motion for judgment on the pleadings [DE 23] is DENIED, and defendant's motion for judgment on the pleadings [DE 27] is GRANTED. The decision of the Commissioner is AFFIRMED.

SO ORDERED, this 21 day of April, 2016.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE